UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY J. HATCHER, | No. C 07-5779 SI (pr) |
|     Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
|     v. | |
| GREG AHERN; et al., | |
|     Defendants. | |

    Billy J. Hatcher, formerly an inmate at the Santa Rita facility of the Alameda County Jail, filed a pro se civil rights action under 42 U.S.C. § 1983, in which he alleged that he was beaten by unknown deputies at the jail on July 30, 2007. His complaint is now before the court for review pursuant to 28 U.S.C. §1915A.

    A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

The complaint states a claim for relief under 42 U.S.C. § 1983 for excessive force but does not provide the name of any defendant on whom service of process could be had. Hatcher's allegations that he was beaten on July 30, 2007 by several deputies who he sues as John Doe defendants, does state a cognizable claim against them for a due process violation. See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992) ("[T]he core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."); Bell v. Wolfish, 441 U.S. 520 (1979) (Due Process Clause governs pretrial detainees' claims and Eighth Amendment does not apply).

The only defendants identified by name are "head sheriff" Greg Ahern and Deputy Rice. The complaint does not allege that either of them had any role in the alleged beating. Greg Ahern apparently is included as a defendant because he was in charge of the jail, but that is an insufficient ground for liability. There is no respondeat superior liability under Section 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee. Liability under Section 1983 arises only upon a showing of personal participation by the defendant. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Deputy Rice's activities were two: (1) he took pictures of Hatcher's injuries later in the week, and (2) he took Hatcher to the "hole, which is housing unit # 9 . . . where I was taken to heal" upon his return from the hospital. Complaint, p. 5. Neither of these alleged activities gives rise to any liability under § 1983.

The deputies who allegedly beat Hatcher are sued as John Doe defendants. It is permissible to use Doe defendant designations to refer to defendants whose names are unknown to plaintiff in the complaint. Although the use of Doe defendants is acceptable to withstand dismissal of a complaint at the initial review stage, using Doe defendants creates its own problem: those persons cannot be served with process in this action until they are identified by their real names. Because all of the defendants who allegedly violated Hatcher's rights are sued as Doe defendants, the court cannot order service on anyone. The court will give plaintiff an opportunity to find their true names. Plaintiff must promptly take steps to discover the full name (i.e., first and last name) of each Doe defendant and provide that information to the court in an

1  amendment to his pleading. The burden remains on the plaintiff; the court will not undertake
2  to investigate the names and identities of unnamed defendants.
3       For the foregoing reasons, the complaint is dismissed with leave to amend no later than
4  **May 30, 2008**. If plaintiff has not provided a full name for each of the John Doe defendants and
5  address for service on them by the deadline, the action will be dismissed without prejudice to
6  plaintiff filing a new action if and when he learns their true identities.
7       IT IS SO ORDERED.
8  Dated: March 12, 2008

                                                           SUSAN ILLSTON
                                                      United States District Judge